STATE EX REL. INDUSTRIAL FINANCE, LIMITED v. BERTRAM YANAGAWA, WILLIAM AHUNA AND THOMAS FUJIKAWA.

No. 5098.

MAY 3, 1971.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

OPINION OF THE COURT BY MARUMOTO, J.

Plaintiff relator sought in the circuit court a writ of mandamus to have the defendants deliver to the persons

whom it claims to be its proper officers the key to its office, its books and records, and other property belonging to it and which are in their possession. The court denied the requested writ upon a holding that plaintiff relator failed to prove the material allegations of its complaint.

The only allegation which requires our consideration is the allegation stating that "a meeting of the board of directors of plaintiff relator was duly held immediately following the adjournment of the annual meeting of stockholders of plaintiff relator on December 30, 1970, at which persons other than the defendants were duly elected to the offices of president and secretary of plaintiff relator, as more particularly appears in the certificate of plaintiff relator's secretary hereto annexed as 'Exhibit A' and made a part hereof by reference."

Defendants Bertram Yanagawa, William Ahuna, and Thomas Fujikawa were president, secretary, and assistant secretary, respectively, of plaintiff relator on December 30, 1970.

The certificate mentioned in the allegation was signed by Joe Thrasher as secretary. It stated that at the adjourned annual meeting of plaintiff relator held on December 30, 1970, at which a quorum was present, Halden E. deHarne, John Araujo, Tobias C. Tolzmann, Edward deHarne, and Joe Thrasher were elected as directors; and that the persons so elected met on the same day, and elected the following officers: Halden E. deHarne, president; John Araujo, vice president; Joe Thrasher, secretary; and Edward deHarne, treasurer.

The crucial question on this appeal is whether the annual meeting mentioned in the certificate was a valid meeting of plaintiff relator. If it was not, the election of the directors thereat would not be valid, and the election of the officers by the persons so elected as directors also would be invalid.

Originally, the annual meeting of plaintiff relator was called for December 18, 1970, at 4 o'clock, p.m., at its office at 911 Keeaumoku Street, Honolulu. At the appointed time and place, quorum was not present.

As to what happened upon the ascertainment of lack of quorum, the circuit court found: "Mr. Yanagawa, who presided at said meeting, announced that if there were no objections, he would adjourn the meeting and failing to hear any objections from any stockholder, thereupon adjourned the meeting. There was no motion made by any stockholder appealing the chair's ruling to adjourn." The finding is supported by the record and is not erroneous.

After Yanagawa adjourned the meeting, a group of stockholders, constituting less than a quorum, voted to adjourn the meeting to December 29, 1970. Such action was a nullity.

The adjournment declared by Yanagawa was sine die. In the absence of appeal, it became final and there was no meeting which could be adjourned to a certain date by a minority of the stockholders.

There is a provision in the by-laws of plaintiff relator stating that "if a quorum be not present at the annual meeting, the stockholders present in person or by proxy may adjourn to such future time as shall be agreed upon by them and notice of such adjournment shall be mailed, postage prepaid, to each stockholder at least five days before such adjourned meeting." In our opinion, a motion to adjourn to a date certain under this provision may be made only before an adjournment sine die and not after.

With regard to the attempt of a minority of the stockholders in this case to hold a meeting after the presiding officer's declaration of adjournment sine die, we agree with the following statement in *Haskell* v. *Read*, 68 Neb. 107, 96 N.W. 1007 (1903):

"* * * Whatever may be the rule in case of stated meetings, or those regularly called or convened, a minority of the shares, after failure of the stated meeting for the election of officers, cannot call a new meeting on their own authority, and hold a binding election. To permit this would be to concede to a minority of the shares the power to govern the corporation. * * * Right or wrong, the president had adjourned the meeting in the presence of all the stockholders, and no appeal had been taken from his ruling. The attempt of plaintiff, after some time spent in consultation, to hold the meeting with less than a majority, was to all substantial purposes a new meeting."

The adjourned annual meeting of December 30, 1970, mentioned in the certificate was a continuation of the meeting voted to be held on December 29, 1970. Because the action to hold a meeting on December 29, 1970, was a nullity, the meeting held on December 30, 1970, was invalid, and so were all actions flowing from that meeting.

Plaintiff relator contends that where a right to office is established prima facie, the right may be questioned only in an original proceeding quo warranto, not by a defense to a mandamus complaint, and that the rule applies here. The contention is without merit. Assuming that the rule contended for exists, it is based on an establishment of prima facie right to office. Here, as is shown in the discussion above, plaintiff relator failed to establish prima facie the right to office of the persons it claims to be its proper officers.

Affirmed.

*Tobias C. Tolzmann* for plaintiff-appellant.

*Vernon T. Tashima* for defendants-appellees.